UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLIFF TRAYLOR,<br><br>                    Plaintiff,<br><br>    v.<br><br>JOHN PIERCE,<br><br>                    Defendant. | CASE NO. 2:25-cv-00368-LK<br><br>ORDER GRANTING MOTION TO DISMISS |

This matter comes before the Court on the United States' motion to dismiss. Dkt. No. 5.[1] For the reasons explained below, the motion is granted.

## I.  BACKGROUND

Pro se plaintiff Cliff Traylor is a United States Postal Service ("USPS") employee. On January 27, 2025, Mr. Traylor filed a petition for an order of protection in King County Superior

---

[1] Although the United States is not a named party, it has authority to respond on behalf of the Postmaster General. *See* 28 U.S.C. § 516 (giving the Department of Justice the power to conduct litigation involving federal agencies); 28 U.S.C. § 517 (allowing the United States to appeal in court to protect its interests). Because Mr. Traylor's claims involve USPS operations and the Postmaster General is the proper defendant here, the United States is an "interested party" and is authorized to file motions and defend the case. *See* Dkt. No. 5 at 2 n.1.

ORDER GRANTING MOTION TO DISMISS - 1

Court, claiming that his supervisor, Defendant John Pierce, harassed and discriminated against him at the USPS Wallingford Station in Seattle. Dkt. No. 1-1 at 11–12, 20. The court initially denied Mr. Traylor's initial petition because he did not provide sufficient notice to Pierce. Dkt. No. 1-2 at 2. The court then scheduled a hearing for February 11, 2025, *id.* at 1–2, and without ruling on the matter, continued the hearing until March 11, 2025, Dkt. No. 4-1 at 34–35. Before that March 11 hearing, the Government removed the case to federal court, asserting federal question and federal officer jurisdiction. Dkt. No. 1 at 2–3.

This motion to dismiss followed. The Government argues that Mr. Traylor's complaint should be dismissed because (1) Pierce is not the proper defendant for Mr. Traylor's claims, (2) the complaint fails to state a viable claim, and (3) Mr. Traylor has not shown that he exhausted administrative remedies. Dkt. No. 5. Mr. Traylor has not opposed the motion, which the Court construes as an admission that the motion has merit. LCR 7(b)(2).

## II.   DISCUSSION

**A.   Jurisdiction**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A district court is thus "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Coleville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989). In the removal context, the removing party bears the burden of establishing that removal is proper. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). In general, courts strictly construe the removal statute against removal jurisdiction, with any doubts as to the right of removal weighing in favor of

remand. *Moore-Thomas*, 553 F.3d at 1244. However, federal officer removal is an exception to the general presumption against removal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252–53 (9th Cir. 2006). This is so because the federal government can act only through its officers and agents, it would be difficult for the government to find anyone to act on its behalf if it did not guarantee its officers and agents access to a federal forum. *Id*. "Though the federal officer and agency removal statute, 28 U.S.C. § 1442, is read broadly in favor of removal, Defendants still bear the burden of proving by a preponderance of the evidence that the colorable federal defense and causal nexus requirements for removal jurisdiction are factually supported." *Lake v. Ohana Mil. Communities, LLC*, 14 F.4th 993, 1000 (9th Cir. 2021) (internal quotation marks and citations omitted).

The Government contends that removal is proper here because the complaint names a federal officer as a defendant. Dkt. No. 1 at 2–3 (citing 28 U.S.C. § 1442(a)(1)). The federal officer removal statute "provides that if a civil action is commenced in state court against a federal officer 'for or relating to any act under color of such office,' the federal defendant may remove the action to a federal district court." *Sherman by & through Sherman v. Sinha*, 843 F. App'x 870, 872 (9th Cir. 2021) (quoting 28 U.S.C. § 1442(a)(1)).

Federal officer jurisdiction exists here. As noted above, Mr. Traylor's suit involves allegations against a federal employee (Pierce) based on actions taken in his official capacity as a supervisor at USPS's Wallingford station, *see, e.g.*, Dkt. No. 4-1 at 20, and the Government is asserting colorable federal defenses (including, for example, that Mr. Traylor has not exhausted his administrative remedies, which is a mandatory requirement before filing a Title VII claim). *See Hendy v. Bello*, 555 F. App'x 224, 226 (4th Cir. 2014) (upholding Section 1442(a)(1) removal of USPS employee's state court peace order petition against her supervisor arising from alleged workplace misconduct).

ORDER GRANTING MOTION TO DISMISS - 3

**B.     The Government's Motion to Dismiss is Granted**

   1. Legal Standard

When deciding a motion under Federal Rule of Civil Procedure 12(b)(6), a court must assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Instead, the plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, a complaint must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

The Court also has a duty to construe pro se pleadings liberally, so the allegations made in pro se complaints are held to a less stringent standard than those made in formal pleadings drafted by professional attorneys. *Chan v. Ryan*, No. 22-CV-01796-LK, 2023 WL 197429, at *4 (W.D. Wash. Jan. 17, 2023). Liberal construction means looking at a pro se complaint's contents, not its form, *Ross v. Williams*, 950 F.3d 1160, 1173 n.19 (9th Cir. 2020), and affording the pro se plaintiff "the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

   2. Pierce is Not the Proper Defendant to Mr. Traylor's Suit

The Court agrees that no cause of action exists against an individual postal employee for violations of Title VII. Dkt. No. 5 at 4–5. Mr. Traylor alleges workplace harassment and

discrimination by Pierce, a USPS supervisor, acting in his official role. But under Title VII, individual supervisors, even those who commit the alleged violations, cannot be personally sued for workplace discrimination. Instead, the only proper defendant is the head of the agency—in this case, the United States Postmaster General. *See Knox v. Henderson*, 26 F. App'x 673, 674 (9th Cir. 2001) ("no cause of action exists against the individual postal employees for violations of Title VII"); *Mahoney v. United States Postal Service*, 884 F.2d 1194, 1196 (9th Cir. 1989) (recognizing that the only proper Title VII defendant is the head of the agency in which the alleged discrimination occurred); *see also* 42 U.S.C. § 2000e–16(c).

Because there are no allegations that Pierce acted outside the scope of his employment, or any allegations other than those related to workplace harassment and employment discrimination, Mr. Traylor cannot maintain an action against Pierce.

        3.   <u>Mr. Traylor Has Not Exhausted Administrative Remedies</u>

Second, Mr. Traylor has not shown that he exhausted administrative remedies before filing suit. To exhaust administrative remedies for his Title VII claim, Mr. Traylor had to first notify an Equal Employment Opportunity ("EEO") counselor within 45 days of the alleged discriminatory conduct. 29 C.F.R. § 1614.105(a); *see also e.g.*, *Ho v. Brennan*, 721 F. App'x 678, 680 (9th Cir. 2018). Then, if the EEO counselor is not able to resolve the issue informally, Mr. Traylor must file a formal complaint with USPS's EEO office. 29 C.F.R. § 1614.106(b). Once Traylor files the administrative complaint, he must wait until the agency issues a final decision or for 180 days of agency inaction before filing a civil action. 29 C.F.R. § 1614.407(a)–(b).

Mr. Traylor's petition does not mention whether he contacted an EEO counselor or filed a formal administrative complaint covering the incidents he describes. He does refer to filing "Grievances" through USPS channels and a complaint with the National Labor Relations Board, *see* Dkt. No. 4-1 at 69, but these are separate from the EEO process required to exhaust Title VII

claims. Additionally, as the Government notes, because some of the incidents Mr. Traylor complains about occurred in late December 2024 (*see* Dkt. No. 4-1 at 11) and he filed his state court petition in January 2025, it is unlikely he could have completed the administrative process in such a short time.

Without evidence of administrative exhaustion, Mr. Traylor's Title VII action cannot proceed. *See Jimenez v. United States Dep't of Transp.*, No. 24-2557, 2025 WL 1098555, at *1 (9th Cir. Apr. 14, 2025) (district court properly dismissed the complaint for failure to exhaust administrative remedies).

Because Mr. Traylor has not exhausted administrative remedies and names the wrong defendant, the Court does not reach whether his allegations suffice to state a Title VII employment discrimination claim.

4. <u>The Court Dismisses Mr. Traylor's Complaint Without Prejudice</u>

For the reasons laid out above, the Court will dismiss Mr. Traylor's complaint without prejudice and with leave to amend so that Mr. Traylor can re-file a complaint if and when he exhausts his administrative remedies.

### III. CONCLUSION

For the reasons explained above, the Government's motion to dismiss is GRANTED. Dkt. No. 5. Mr. Traylor's complaint is dismissed without prejudice and with leave to amend.

Dated this 12th day of May, 2025.

Lauren King
United States District Judge